UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEMETRIUS WELLS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13000** |
| **TANGIPAHOA PARISH JAIL** | **SECTION: "D"(3)** |

### REPORT AND RECOMMENDATION

Plaintiff, Demetrius Wells, a state inmate, filed this federal civil action pursuant to 42 U.S.C. § 1983. In this lawsuit, he claimed that his mail at the Tangipahoa Parish Jail was withheld, causing him to suffer from severe headaches, stress, and depression.

When plaintiff filed the complaint, he neither paid the required filing fee nor applied to proceed *in forma pauperis*. On October 17, 2019, the Clerk of Court issued a Notice of Deficiency directing plaintiff to correct that deficiency;[1] however, plaintiff failed to so. On December 2, 2019, the undersigned United States Magistrate Judge then issued an order directing plaintiff to pay the filing fee or to submit a completed pauper application on or before January 2, 2020. Plaintiff was warned that if he failed to comply with that order, the undersigned would recommend that this action be dismissed.[2] A copy of that order was sent to plaintiff both at the Tangipahoa Parish Jail, his address of record, and at an alternate address he listed in the complaint. The copy of the order

---

[1] Rec. Doc. 7.
[2] Rec. Doc. 9.

sent to him at the Tangipahoa Parish Jail was returned as undeliverable,[3] but the copy sent to the alternate address was not.  Plaintiff has not complied with the Court's order.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution.  The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear.  Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  Fed. R. Civ. P. 41(b).  The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b).  As noted, plaintiff was notified by the Court that he must pay the required filing fee or submit an application to proceed as a pauper by January 2, 2020.  To date, the filing fee remains unpaid and no pauper application has been submitted.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

---

[3] Rec. Doc. 10.

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __7th__ day of January, 2020.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

**CLERK TO SERVE PLAINTIFF BOTH AT HIS ADDRESS OF RECORD AND AT THE FOLLOWING ALTERNATE ADDRESS:**

**Demetrius Wells**
**P.O. Box 85022**
**Baton Rouge, LA 70884**

3